THE WEIR LAW FIRM, LLC
Bonnie M. Weir, Esq.
1170 U.S. Highway 22 East
Suite 205
Bridgewater, New Jersey 08807
908-575-0185
908-575-0187 - fax
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HENRY L. FUENTES<br><br>             Plaintiff,<br><br>- v -<br><br>FAIRLEIGH DICKINSON<br>UNIVERSITY and ROSE D'AMBROSIO,<br><br>             Defendants. | Civil Action No.<br>Hon.<br><br>**COMPLAINT FOR BENEFITS** |

Plaintiff, Henry L. Fuentes ("Mr Fuentes"), by and through his counsel, The Weir Law Firm, LLC, by way of Complaint against Defendants, Fairleigh Dickinson University ("FDU") and Rose D'Ambrosio, alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for recovery of plan benefits pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1000-1461, and specifically §1132(a)(1)(B) to recover health insurance benefits provided to retired tenured faculty in accordance with the Faculty Handbook.

**PARTIES, VENUE AND JURISDICTION**

2.      Plaintiff, Mr. Fuentes is an individual residing in Bridgewater, New Jersey.

3. Defendant, FDU, is a private university of higher learning with its principal place of business at 1000 River Road, Teaneck, New Jersey 07666.

4. Defendant, Rose D'Ambrosio, is the Associate Vice President of Human Resources of FDU and the Plan Administrator.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as it involves a federal question governed by ERISA and original jurisdiction pursuant to 29 U.S.C. §1132(e).

6. Venue is proper pursuant to 29 U.S.C. §1132 (e)(2) since this is where the health insurance Plan was administered, where the breach occurred and where the Defendant has its principal place of business.

## RELEVANT FACTS

7. Mr. Fuentes became a full time faculty member at FDU on or about September 1, 1976.

8. Mr. Fuentes assumed various administrative positions for FDU over the years including Associate Dean of Academic Programs, Associate Dean for Administration and Budget, Tri-Campus Chairman - Department of Accounting, Taxation and Law, Director of Budgeting, Director of 150 Hour Accounting Program, Chairman - Department of Accounting, Deputy Chairman - Department of Accounting & Quantitative Analysis. In addition, Mr. Fuentes served on the Board of Trustees Ad Hoc Planning Committee on Institutional Support, was a Member of the University Senate and President of the University Senate. He was a Member of the Faculty Rights and Welfare Committee, a Coordinator of Academic Programs, the Chairman of the Department Personnel Review Committee, and Director of the Accounting Internship Program. He was also the Recipient of the 1990 Outstanding Teacher Award for the COBA.

9. On September 1, 1983, Mr. Fuentes became fully tenured with FDU.

10. Throughout his years with FDU, Mr. Fuentes enjoyed the benefits available to him as a full time tenured faculty member as set forth in the Faculty Handbook including health insurance for himself and his dependents.

11. At the end of the Spring Semester of 2015, Mr. Fuentes retired as a full time tenured faculty member.

12. However, Mr. Fuentes continued, and continues through the present, to teach as an adjunct faculty member.

13. At the time of his retirement, Mr. Fuentes received health insurance coverage for himself and his then-wife paying the required premium as paid by full-time faculty.

14. The Faculty Handbook provides at Section 2.2, in relevant part:

> A tenured faculty member who retires from the University at age 62 or over with at least ten (10) years of continuous full-time service may elect to continue coverage of health benefits in retirement. If this coverage is elected, the University will continue to provide health benefits, **as they are made available to currently active full-time faculty** (subject to the limitations of Federal Law), for the life of the retired faculty member. . . .(emphasis added).

15. Mr. Fuentes met the criteria of being a minimum of 62 years of age and having at least ten years of continuous full-time service to FDU at the time of his retirement.

16. Mr. Fuentes and his then wife subsequently divorced on December 14, 2017 at which time he notified FDU and Ms. D'Ambrosio to remove his ex-wife from the health insurance coverage due to the divorce. FDU continued to provide health care coverage for Mr. Fuentes.

17. On August 12, 2018, Mr. Fuentes remarried.

18. Subsequent to his remarriage, Mr. Fuentes contacted FDU and Ms. D'Ambrosio and requested that they add his new wife and her son to the insurance policy knowing that the monthly premium would increase for which he was prepared to make necessary payment.

19. FDU and Ms. D'Ambrosio denied the coverage advising it was not "their policy" to provide such coverage after the reduction of coverage upon his divorce.

20. FDU and Ms. D'Ambrosio further advised that the continuation of coverage was limited to the specific coverage Mr. Fuentes had at the time he retired, namely coverage for himself and his spouse, so that upon reducing the coverage he could not then have any additional coverage.

21. When FDU and Ms. D'Ambrosio were asked to provide documentation to support the "policy" decision, they were unable to do so other than to rely upon Section 2.2 of the Faculty Handbook as set forth above.

22. When FDU was asked to identify the Plan Administrator, it advised that Rose D'Ambrosio, a FDU employee, was the Plan Administrator.

23. Mr. Fuentes inquired as to the appeal process so he could appeal the denial of his request for coverage and was told that there is no right to appeal the denial.

## COUNT I

24. Mr. Fuentes repeats and realleges the allegations set forth in paragraphs "1" through "23" as if same were set forth at length herein.

25. This is a claim to recover benefits, enforce rights, and clarify future benefits under 29 U.S.C. §1132(a)(1)(B).

26. Pursuant to 29 U.S.C. §1132(a)(1)(B), Mr Fuentes, as a participant of the FDU Medicare Advantage Plan, is entitled to sue for a judicial determination and enforcement of benefits.

27. FDU and Ms. D'Ambrosio improperly denied coverage for Mr. Fuentes spouse and step-son in contravention of the Plan, and benefits as described in the Faculty Handbook.

28. The Faculty Handbook requires that FDU provide Mr. Fuentes health benefits as they are available to full time faculty.

29. Neither the Faculty Handbook nor any other document made available to faculty, retirees or to Mr. Fuentes in response to his request, supports the denial of coverage.

30. After being denied coverage, Mr. Fuentes inquired as to the appeal process in an effort to exhaust his administrative remedies but was advised by the Defendants that there is no right to appeal.

31. Accordingly, FDU is required to provide health insurance coverage to Mr Fuentes as such benefit is made available to current full time faculty which includes coverage for his wife and stepson.

**WHEREFORE**, Plaintiff, Henry L. Fuentes, respectfully requests that this Court enter Judgment against FDU and Ms. D'Ambrosio for damages including, but not limited to health insurance benefits for his wife and step-son, attorney's fees pursuant to 29 U.S.C. §1132(g)(1), costs incurred in bringing this action, and for such other and further relief as the Court deems equitable, just and proper.

Dated: April 30, 2019

THE WEIR LAW FIRM, LLC
1170 U.S. Highway 22 East
Suite 205
Bridgewater, New Jersey 08807
(908) 575-0185
Attorneys for Plaintiff

By: /s/ Bonnie M. Weir
     Bonnie M. Weir

**CERTIFICATION UNDER L. CIV. R. 11.2**

I certify that the matter in controversy is not the subject matter of any other action pending in any court or of any pending arbitration or administrative proceeding.

**LOCAL RULE 201.1 CERTIFICATION**

I certify under penalty of perjury that the matter in controversy is not eligible for compulsory arbitration because the policy concerns of enforcement of the Faculty Handbook, with respect to the health insurance available to retirees as governed by ERISA, exist which makes formal adjudication appropriate.

Dated: April 30, 2019

THE WEIR LAW FIRM, LLC
1170 U.S. Highway 22 East
Suite 205
Bridgewater, New Jersey 08807
(908) 575-0185
Attorneys for Plaintiff

By: /s/ Bonnie M. Weir
    Bonnie M. Weir